648 So.2d 7 (1994)
STATE of Louisiana,
v.
Lanny Ray WALTERS.
No. 26647-KA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
Rehearing Denied January 19, 1995.
*8 Davenport, Files & Kelly by Thomas W. Davenport, Jr., Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Charles L. Cook, Asst. Dist. Atty., Monroe, for appellee.
Before SEXTON, NORRIS and PRICE (Pro Tem), JJ.
SEXTON, Judge.
Following a remand for resentencing, defendant contends that his 21-year sentence is excessive, and that the trial court failed to state valid aggravating factors for its upward departure from the sentence recommended by the Felony Sentencing Guidelines. We affirm.
Defendant originally was charged with second degree murder arising from the August 1991 homicide of Donnell Benton. Defendant's daughter, Kristi, had climbed out of her bedroom window to attend an interracial bachelor party. After several hours at the party, Kristi, who is white, got a ride back home from Donnell Benton, accompanied by Derrick Dubose and Quante Augurson, all black males. Kristi told Benton, the driver, to stop the car about one-quarter mile from her house while she went to get some gasoline money to pay Benton. Dubose walked Kristi to the house and then began walking back to the car when Kristi could not find the money.
As Dubose walked down the driveway, he encountered defendant who stepped out from behind a school bus shelter where he had been waiting for several hours. He was wielding a 12-gauge shotgun. He shouted for Dubose to stop, but the young man ran to the car. Defendant then pointed the shotgun at Benton, who was sitting in the driver's seat, and ordered him to get out. Benton complied. Defendant struck him in the face with the shotgun and then shot him once at close range in the head. Benton died instantly.
This court affirmed defendant's conviction for manslaughter in State v. Walters, 25,587 (La.App. 2d Cir. 1/19/94), 630 So.2d 1371, but remanded for resentencing because the trial court did not adequately articulate sufficient valid aggravating circumstances to justify departing upward from the sentence recommended by the designated grid cell of the Louisiana Felony Sentencing Guidelines.
Following remand, the trial court, on March 25, 1994, again imposed a 21-year sentence and went to great length to explain with specificity the aggravating circumstances which justified the upward departure. In this appeal, defendant argues that, since the felony guidelines recommended a sentence of 60 to 90 months, the trial court erred in imposing an excessive sentence and failed to follow this court's mandate to state adequate valid reasons for the upward departure. It is noted that the remand and the resentencing occurred before the rendition of State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237.
According to Smith, a trial judge, having properly considered the guidelines, has the complete discretion to reject the guidelines and impose any sentence which is not constitutionally excessive, provided the trial court states for the record the considerations taken *9 into account and the factual basis for the imposition of the sentence. Where the trial judge has considered the guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the guidelines. State v. Smith, supra; State v. Farley, 26,377 (La. App. 2d Cir. 9/21/94), 643 So.2d 300.
In the present case, the record shows the trial judge considered the guidelines and stated for the record the considerations and factual bases relied upon in imposing sentence. The defendant takes issue with several of the trial court's bases for upward departure. If the trial court finds one or more aggravating circumstances, then the grid range for the "typical case" is inapplicable and the trial court should exercise its reasoned discretion in determining the appropriate sentence. State v. Strother, 606 So.2d 891 (La.App. 2d Cir.1992), writ denied, 612 So.2d 55 (La.1993); State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993). Even one aggravating circumstance is sufficient to justify an upward departure from the recommended guidelines grid. State v. Tate, 25,765 (La.App. 2d Cir. 2/23/94), 632 So.2d 1213.
The trial court found that defendant's act of brandishing the shotgun created a risk of death or great bodily harm to every person in Benton's car. The court also noted that the evidence showed defendant was lying in wait for his daughter's return. Evidence which the court had excluded from the jury's consideration indicated that the defendant had threatened to kill any black person who dated his daughter. Thus, the court found that the crime was based in part on racial hatred. These factors clearly differentiate this case from the typical manslaughter and justify an upward departure. As we noted in our prior opinion, "we might be convinced that the maximum sentence is appropriate if sufficient, valid aggravating factors are specified for the record by the sentencing court." The court has provided those factors. Under these circumstances, the 21-year sentence is not constitutionally excessive.
We have examined the record for error patent and note that the trial court advised defendant he had three years "from this date" to apply for post-conviction relief. The three-year prescriptive period does not begin to run until the judgment of conviction and sentence have become final. LSA-C.Cr.P. Art. 930.8. This defect has no bearing on the sentence and is not grounds to reverse the sentence or to remand the case for resentencing. The trial court is ordered to send written notice to defendant of the prescriptive period for post-conviction relief within ten (10) days of the rendition of this opinion, and to file written proof in the record that defendant received such notice. The sentence is affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before MARVIN, SEXTON, NORRIS and STEWART, JJ., and PRICE, J., Pro Tem.
Rehearing denied.