JjDREW, J.
This is an appeal after remand for re-sentencing. On March 20, 1996, defendant escaped from the Franklin Parish Detention Center. He enjoyed about 45 minutes of freedom before being recaptured. A jury found him guilty as charged of Simple Escape (La. R.S. 14: 110 A.1). Based on three prior convictions, one being a violent crime, the district court adjudged defendant to be a fourth-felony offender and sentenced him to life imprisonment, without benefit of probation, parole or suspension of sentence. This court affirmed the conviction but remanded for resentencing after finding that two of the predicate offenses could not be considered for purposes of the habitual offender charge because of deficiencies in the record concerning the predicate convictions. On remand, the district court adjudged defendant to be a second-felony offender and imposed the maximum sentence of ten years. Defendant urges that his sentence is excessive and that the district court did not adequately articulate its reasons for sentence. Finding no support in the record for this position, we affirm.
The state contends that defendant may not appeal his sentence because he *928 failed to move for reconsideration of sentence after the second hearing and sentencing. However, the record contains a timely motion to reconsider which was filed and denied after the original sentencing. The law is clear that in such a situation as this, the filing of an original motion to reconsider after the first sentencing is sufficient to preserve the question of ex-cessiveness in a subsequent appeal of the second sentence. State v. Krogh, 620 So.2d 1324 (La.1993); State v. Tomlinson, 29,355 (La.App.2d Cir.2/26/97), 690 So.2d 946. Therefore, defendant’s complaints are properly before this court.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand |2is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982).
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Defendant has challenged the adequacy of the court’s articulation of reasons for sentence, which in this instance were simply that defendant had been adjudged a second-felony offender with a prior conviction for forgery. Defendant also contends the record is insufficient for a proper review of the sentence. The record, however, also contains other matters which the court considered at the first sentencing, which both the lower court and this court may utilize in evaluating the appropriateness of the present sentence imposed.
The defendant’s record discloses that he has convictions for two separate forgery charges, aggravated robbery in which an ice pick was used, burglary of a motor vehicle and a prior escape. A prolific criminal, defendant has amassed a total of 12 felony charges and 22 misdemeanor charges, only two of which were dismissed. Through the failure of a Texas court in attaching all the paperwork of lahis previous criminal history, Boykinization omissions were noted by this court in a previous appeal, causing a life sentence to be vacated.
On this record, we find neither constitutional error nor a manifest abuse of sentencing discretion. This record shows defendant has a history of violence and that he has escaped from custody in the past. He has shown a disregard for authority and has not presented any matters which would require a reduction in the term of incarceration adjudged by the district court. The sentence imposed does not shock the sense of justice and does not constitute a needless or purposeless infliction of pain and suffering. This young man is a reason prisons are necessary. All assigned errors lack merit.
We have examined the record for error patent and found none.
The sentence is affirmed.
AFFIRMED.