793 So.2d 367 (2001)
STATE of Louisiana, Appellee,
v.
Jamar D. TAYLOR, Appellant.
No. 34,823-KA.
Court of Appeal of Louisiana, Second Circuit.
July 11, 2001.
Louisiana Appellate Project by J. Wilson Rambo, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Traci A. Moore, J. Thomas Butler, Assistant District Attorneys, Counsel for Appellee.
Before STEWART, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Defendant, Jamar D. Taylor, was charged with the second degree murder of Albert Phillips. After a jury trial, Defendant was convicted of the responsive verdict of manslaughter and the trial court sentenced him to serve 26 years at hard labor, with 20 years to be served without benefit of probation, parole or suspension of sentence. Defendant appeals, asserting six assignments of error. For the reasons stated herein, Defendant's conviction is affirmed; however, the case is remanded to the trial court for resentencing in accordance with this opinion.

FACTS
At approximately 11:00 p.m. on December 24, 1997, Albert Phillips agreed to give Defendant a ride to the Shreveport bus station in his 1994 Toyota Corolla. According to the testimony of Defendant, while en route to the bus station, Mr. Phillips solicited him for oral sex for $20.00, and Defendant agreed. Defendant was just over 17 years old at the time and, according to him, Mr. Phillips pulled off onto a deserted street in Shreveport, Caddo Parish. After the act was completed, the two got out of the car and Mr. Phillips opened the trunk of the car to get a towel for Defendant. Defendant testified that, as he was using the towel to clean himself, Mr. Phillips began to grope him, asking Defendant for more sexual acts. Defendant got upset, pulled out a .38 caliber revolver and shot Mr. Phillips in the face. *368 Mr. Phillips fell backwards into the open trunk; and, when Defendant saw that Mr. Phillips was still moving, he shot a second time into the trunk, again hitting Mr. Phillips. Mr. Phillips died of a bullet wound to his head.
After shooting Mr. Phillips, Defendant closed the trunk and drove Mr. Phillips' car, with the deceased Mr. Phillips still in the trunk, to Atlanta, Georgia. After he arrived in Atlanta, Defendant drove around town in Mr. Phillips' car, visiting with various friends and relatives and taking people on errands, all the while with Mr. Phillips' body still in the trunk.
Defendant showed the body to family members; and, after seeing this disturbing sight, his father told him to get rid of the body and the car. Defendant wiped the car clean of his fingerprints and left it at a Metropolitan Atlanta Rapid Transit Authority ("MARTA") subway station. He left the car unlocked, and rifled through it to give the appearance that it had been burglarized. Defendant then took a bus to visit other family in Ann Arbor, Michigan.
On December 26, 1997, a police officer with MARTA noticed the 1994 Toyota and the fact that it was unlocked and appeared to have something heavy in the trunk. The car trunk was opened, revealing the body of Mr. Phillips. The investigation led to Defendant being arrested in Ann Arbor. While in custody, Defendant gave a statement admitting to killing Mr. Phillips.
As previously stated, Defendant was originally charged with second degree murder. He was tried by a 12 person jury, which, on March 22, 2000, found him guilty of manslaughter. On March 17, 2000, the State filed a motion to invoke the firearms sentencing provisions of La. C.Cr.P. art. 893.1, et seq. On May 11, 2000, the trial court sentenced Defendant, finding that he had violated the firearms sentencing provisions of La.C.Cr.P. art. 893.1, et seq., and that manslaughter was a "violent crime" under those provisions. The trial court calculated the mandatory minimum "without benefit" portion of the hard labor sentence, for use of a firearm, to be 20 years. The trial court then sentenced Defendant to 26 years at hard labor, with 20 years of the sentence to be without benefit of probation, parole or suspension of sentence. Defendant filed a motion to reconsider the sentence, which was denied. This appeal followed.

DISCUSSION
Assignment of Error Number One: Sufficiency of the evidence.
This assignment of error was not briefed by Defendant. Assignments of error which are neither briefed nor argued are considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writs denied, 558 So.2d 1123 (La.1990).
Assignment of Error Number 5 and Supplemental Assignments of Error Numbers 5[1]and 6: Application of La.C.Cr.P. art. 893.1 et seq. in sentencing
In these assignments of error, Defendant asserts that the trial court erred in applying La.C.Cr. P. art. 893.3 (mandatory sentence for firearms use) because that article was not in effect at the time the crime was committed, making the trial court's application of the article an unconstitutional ex post facto application of the law. Defendant's argument is correct.
*369 Before it was amended in Acts 1999, No. 575, § 1, La.C.Cr.P. art. 893.3 provided:
A. If the court finds by clear and convincing evidence that a firearm was actually used by the defendant in the commission of the felony for which he was convicted, the court shall impose the maximum sentence of imprisonment provided by law if the maximum sentence is less than five years and shall impose a sentence of at least five years if the maximum sentence exceeds five years.
B. A sentence imposed under this provision shall not be suspended and shall be imposed in the same manner as provided in the felony for which the defendant was convicted.
C. The court may order that a defendant sentenced under this provision shall not be eligible for parole for a specified period of time not to exceed five years.
D. If the court finds that a sentence imposed under provisions of this Article would be excessive, the court shall state for the record the reasons for such finding and shall impose the most severe sentence which is not excessive.
E. (1)(a) Notwithstanding any other provision of law to the contrary, if the defendant commits a felony with a firearm as provided for in this Article, and the crime is considered a violent felony, the court shall impose a minimum term of imprisonment of ten years.
(b) A "violent felony" for the purposes of this Paragraph is: first degree murder, second degree murder, aggravated rape, aggravated sexual battery, aggravated kidnapping, aggravated burglary, carjacking, or armed robbery.
(2) A sentence imposed under this Paragraph shall be without benefit of parole, probation or suspension of sentence.
In 1999, the provisions of La.C.Cr.P. art. 893.3 were amended to provide that manslaughter was a "violent crime" under La. C.Cr.P. art. 893.3(E)(1)(b), and to add a minimum sentence of 20 years for the discharge of a firearm during the commission of an enumerated "violent felony."
Defendant was convicted of manslaughter for a crime that occurred on December 24, 1997. By motion filed on March 17, 2000, the State invoked La.C.Cr.P. art. 893.3(E), seeking a mandatory sentence without benefit of probation, parole or suspension of sentence, for the discharge of a firearm in the commission of the crime.
A review of the sentencing transcript shows that the trial court, the State and defense counsel all had read the post 1999 version of La.C.Cr.P. art. 893.3, and assumed the 20 year minimum sentence, without benefit of probation, parole or suspension of sentence, was applicable in this case. As a result, Defendant was sentenced under the firearm sentencing provision of La.C.Cr.P. art. 893.3 to serve 26 years at hard labor, with the first 20 years to be served without benefit of parole, probation or suspension of sentence.
In State v. Robinson, 97-269 (La.App. 5th Cir.5/27/98), 713 So.2d 828, writ denied, 98-1770 (La.11/6/98), 727 So.2d 444, it was held that the imposition of a harsher sentence than that prescribed at the time the offense was committed constitutes a violation of the Ex Post Facto clauses of both the federal and state constitutions. See also State v. Ballay, 97-1749 (La.App. 4th Cir.1/13/99), 727 So.2d 1199, writ denied, 99-0437 (La.6/18/99), 745 So.2d 18 (applying R.S. 15:529.1 as it read at the time of the offense for which sentence was being enhanced); State v. Marts, 98-0099 (La.App. 4th Cir.5/31/00), 765 So.2d 438.
A person convicted of manslaughter shall be imprisoned at hard labor for not more that 40 years. La. R.S. 14:31(B). *370 Under the provisions of La.C.Cr.P. art. 893.3, in effect at the time this crime was committed, a minimum sentence of 5 years was required, which could not be suspended and had to be imposed in the same manner as provided in the felony for which the defendant was convicted. In addition, the offender would not be eligible for parole for a specified period of time not to exceed 5 years. Finally, the crime of manslaughter was not listed as a "violent felony" at the time the crime was committed, but is included in the amended version. Thus, the minimum 20-year term, without benefit, was not required in the instant case.
Although Defendant's sentence of 26 years at hard labor was within the statutory range for the crime of manslaughter, La.C.Cr.P. art. 893.3, as it provided at the time the crime was committed, only required that the sentence not be suspended and that the trial court may order that a defendant sentenced under this provision shall not be eligible for parole for a specified period of time not to exceed 5 years. Thus, the portion of Defendant's sentence requiring the first 20 years to be served without benefit was not based upon the statute and is without basis in the law. We note, however, that, from the briefs on appeal, it appears that there is no dispute that the court was in error in applying a minimum 20 year without benefit sentence for this crime that occurred before the 20 year minimum sentence was added to the statute. Notably, the State agreed, stating in its brief that "[t]he state also admits that the version of La.C.Cr.P. art. 893.3 applied by the Court in this matter, would constitute an ex-post facto application of the law." We, therefore, remand the matter to the trial court with instructions to resentence Defendant in accordance with this opinion.
Since we find a remand for resentencing in order in this case, we pretermit any discussion of Defendant's remaining assignments of error regarding the excessiveness of his sentence.

DECREE
For the reasons stated herein, Defendant's conviction is affirmed; however, the case is remanded to the trial court for resentencing in accordance with this opinion.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING IN ACCORDANCE WITH THIS OPINION.
NOTES
[1] Defendant asserted two assignments numbered "5;" however, both address the same issue.