813 So.2d 1151 (2002)
STATE of Louisiana, Appellee,
v.
Jamar D. TAYLOR, Appellant.
No. 35,921 KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 2002.
*1152 Louisiana Appellate Project, by Peggy J. Sullivan, Monroe, Richard C. Goorley, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, J. Thomas Butler, Traci A. Moore, Assistant District Attorneys, Counsel for Appellee.
Before WILLIAMS, CARAWAY and KOSTELKA, JJ.
KOSTELKA, Judge.
The defendant, Jamar D. Taylor ("Taylor"), was charged with the second degree murder of Albert Phillips. After a jury trial, Taylor was convicted of the responsive verdict of manslaughter and the trial court sentenced him to serve twenty-six years at hard labor, with twenty years to be served without benefit of probation, parole or suspension of sentence. On appeal, Taylor's conviction was affirmed; however, the case was remanded to the trial court for resentencing in accordance with this court's opinion in State v. Taylor, 34,823 (La.App.2d Cir.07/11/2001), 793 So.2d 367. Taylor was resentenced on remand and now appeals his sentence. For the reasons stated herein, Taylor's sentence is affirmed.

FACTS
The facts surrounding the commission of the instant crime were set forth by this court in Taylor, supra, as follows:
At approximately 11:00 p.m. on December 24, 1997, Albert Phillips ("Phillips") agreed to give Taylor a ride to the Shreveport, Louisiana bus station in his 1994 Toyota automobile. According to Taylor's testimony, while en route to the bus station, Phillips solicited him for oral sex for $20, to which Taylor agreed. Taylor was slightly over seventeen years of age at the time. After the act was completed, the two got out of the car and Phillips opened the trunk of the car to get a towel for Taylor. Taylor testified that as he was using the towel to clean himself, Phillips began to grope him, asking Taylor for more sexual acts. Taylor got upset, produced a .38 caliber revolver which he was carrying and shot Phillips in the face. Phillips fell backwards into the open trunk, and when Taylor saw that Phillips was still moving, he shot a second time. Phillips died of a bullet wound to his head.
After shooting Phillips, Taylor closed the trunk and drove Phillips's car, with the deceased Phillips still in the trunk, to Atlanta, Georgia, where Taylor's father lived. After he arrived in Atlanta, Taylor drove around town in Phillips's car visiting with various friends and relatives and taking people on errands, all the while with Phillips's body still in the trunk.
*1153 Taylor showed Phillips's body to family members, and after seeing this disturbing sight, Taylor's father told him to get rid of the body and the car. Taylor wiped the car clean of his fingerprints and left it at a Metropolitan Atlanta Rapid Transit Authority ("MARTA") subway station. He left the car unlocked and rifled through it to give the appearance that it had been burglarized. Taylor then took a bus to visit other family in Ann Arbor, Michigan.
On December 26, 1997, a police officer with MARTA noticed the 1994 Toyota and the fact that it was unlocked and appeared to have something heavy in the trunk. The car trunk was opened revealing the body of Phillips. The investigation led to Taylor being arrested in Ann Arbor. While in custody, Taylor gave a statement admitting to killing Phillips.

PROCEDURAL HISTORY
Taylor was charged by a bill of indictment with second degree murder. The state filed a motion to invoke the firearm sentencing provisions of La.C.Cr.P. art. 893.1, et seq. Taylor was tried by a jury and convicted of the responsive verdict of manslaughter. On May 11, 2000, the trial court sentenced Taylor to serve twenty-six years at hard labor, with twenty years to be served without benefit of probation, parole or suspension of sentence.
Prior to imposing sentence, the trial court acknowledged its receipt of several letters and other communications on behalf of Taylor. The court also acknowledged that the state had provided it with additional information regarding Taylor's criminal history. The trial court observed the jury's request for information regarding Taylor's possible sentences and inquiry as to whether Taylor would receive some type of rehabilitation. The trial court interpreted these inquiries as indicating that the jury felt Taylor's family background was important. However, the trial court also noted that the jury was not aware of Taylor's prior criminal history and other relevant factors. It observed Taylor's young age at the time of the offense as a mitigating factor, as well as the fact that Taylor's prior criminal conduct was not violent in nature. The trial court further noted other relevant factors, including several incidents related to school and to Taylor's family life. Particularly, the trial court mentioned a burglary wherein Taylor acquired the gun used in the instant crime. The court further found it hard to fathom how Taylor could drive around after the crime with the victim's body in the stolen car.
In compliance with La.C.Cr.P. art. 894.1, the trial court again noted Taylor's criminal history as an aggravating circumstance. In mitigation, the trial court noted Taylor's immaturity and lack of life experience as two major factors in this tragedy. The trial court also noted that the letters it received on behalf of Taylor indicated a lot of people had a high opinion of Taylor. It observed that a twenty-year sentence of incarceration would address the issue of immaturity and lack of life experiences but felt that, under the totality of the circumstances, a twenty-six-year hard labor sentence was more appropriate.[1]
Taylor filed a pro se motion to reconsider sentence which was denied. Taylor appealed and his conviction was affirmed. However, this court found that the portion of Taylor's sentence requiring that the first twenty years be served without benefits *1154 was without basis in the law. Thus, the case was remanded to the trial court for resentencing in accordance with this court's opinion.
On August 21, 2001, the trial court resentenced Taylor to serve twenty-two years' imprisonment at hard labor, with the first five years to be served without benefit of parole. The court adopted its reasons for sentencing set forth at the previous sentencing proceeding. Taylor now appeals his sentence.

DISCUSSION
In argument, Taylor combines assignments of error numbers one and two. Therein, he asserts that the trial court imposed an excessive sentence and erred in denying his motion to reconsider sentence. Taylor contends that the trial court failed to consider the victim's facilitation of the crime as a mitigating factor, as recognized under La.C.Cr.P. art. 894.1(B)(26). He asserts that the victim was thirty-four years old and enticed the seventeen-year-old Taylor into an oral sex act for money. Taylor alleges that the trial court also failed to give appropriate weight to the fact the jury was very compassionate toward him. He argues that the trial court gave no weight to the mitigating factors of his good behavior since his arrest and the fact that he obtained his G.E.D. Taylor asserts that the trial court specifically stated this offense was manslaughter and not second degree murder. Therefore, he argues that this is not a case in which he received any leniency from the jury's verdict, and his conviction cannot be characterized as one which does not adequately describe his conduct. Taylor further argues that the trial court gave inappropriate weight to his actions following the crime, stating that such actions were improperly characterized as aggravating circumstances.
Taylor contends that the circumstances surrounding the commission of the crime justify the imposition of the minimum sentence upon him and certainly justify a lesser sentence than the one imposed. He cites cases in which other defendants convicted of manslaughter did not receive such a harsh punishment. Although most of the cases cited by Taylor arose when the maximum penalty for manslaughter was twenty-one years, none of the defendants therein received the maximum. He further distinguishes his case from the cited cases claiming his crime was committed in sudden passion and was not an intentional killing. Taylor also distinguishes State v. Scott, 28,131 (La.App.2d. Cir.2/28/96), 669 So.2d 664 from the instant case. In Scott, the twenty-one-year hard labor sentence was affirmed because of the defendant's deliberate cruelty to the victim. Taylor contends that his sentence is unconstitutionally excessive considering the facts and circumstances of his case.
The filing of a motion to reconsider sentence after the first sentencing is sufficient to preserve the question of excessiveness in a subsequent appeal of the second sentence. State v. Krogh, 620 So.2d 1324 (La.1993); State v. Jones, 32,290 (La.App.2d Cir.6/16/99), 742 So.2d 926, writ denied, 1999-2487 (La.2/18/00), 754 So.2d 961.
In our prior opinion, this court set forth the law applicable to Taylor's sentence:
A person convicted of manslaughter shall be imprisoned at hard labor for not more that [sic] 40 years. La. R.S. 14:31(B). Under the provisions of La. C.Cr.P. art. 893.3, in effect at the time this crime was committed, a minimum sentence of 5 years was required, which could not be suspended and had to be imposed in the same manner as provided in the felony for which the defendant was convicted. In addition, the offender *1155 would not be eligible for parole for a specified period of time not to exceed 5 years. Finally, the crime of manslaughter was not listed as a "violent felony" at the time the crime was committed, but is included in the amended version. Thus, the minimum 20-year term, without benefit, was not required in the instant case.
Although Defendant's [original] sentence of 26 years at hard labor was within the statutory range for the crime of manslaughter, La.C.Cr.P. art. 893.3, as it provided at the time the crime was committed, only required that the sentence not be suspended and that the trial court may order that a defendant sentenced under this provision shall not be eligible for parole for a specified period of time not to exceed 5 years....
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating and mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are Taylor's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Myles, 34,520 (La.App.2d Cir.05/09/01), 786 So.2d 906. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Whether the sentence imposed is too severe depends upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); Myles, supra.
There is no proportionality guarantee in non-capital cases unless the reviewing court finds the sentence is grossly disproportionate to the circumstances of the offense. See, Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), in which the Court ruled the Eighth Amendment contains no proportionality guarantee. Accord, State v. Delaughter, 29,974 (La.App.2d Cir.12/10/97), 703 So.2d 1364.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
A review of the record reveals that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The record indicates that the trial court considered information provided by defense counsel, including favorable communications from persons having high opinions of Taylor. The record also shows that the trial court considered the important *1156 elements of Taylor's personal history (his young age, immaturity and lack of life experiences), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. The defense argues that certain factors set forth under La.C.Cr.P. art. 894.1 were not given proper weight. However, the trial judge was not required to list every aggravating and mitigating circumstance because the record reflects that he adequately considered the guidelines of the article. See, Smith, supra. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.02/02/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979. Even if there had not been full compliance with La.C.Cr.P. art. 894.1, the record clearly shows an adequate factual basis for the sentence imposed. Therefore, the first prong of the test for excessiveness of sentence has been met.
The second prong to be considered is whether Taylor's sentence is too severe, based upon the circumstances of the case and his background. At the time the crime was committed, Taylor's twenty-two-year hard labor sentence is just over one half the maximum possible sentence for the crime of manslaughter. Also, at the time the crime was committed, Taylor's ineligibility for parole for five years was the maximum term allowable under the sentencing enhancement provisions of La. C.Cr.P. art. 893.3. This sentence does not appear grossly out of proportion to the seriousness of a crime in which the victim lost his life.
In arguing that Taylor's sentence is excessive, he refers in his brief to a number of other manslaughter cases. However, those cases have different factual scenarios and do not prove that Taylor's sentence is excessive. Taylor's effort to show that his sentence is disproportionate to those imposed in other cases is of no avail, because there is no proportionality guarantee in non-capital cases unless the reviewing court finds the sentence is grossly disproportionate to the circumstances of the offense. See, Harmelin, supra. Accord, Delaughter, supra.
The trial court did not abuse its wide discretion in sentencing Taylor within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside this sentence as excessive. Square, supra; Washington, supra.
These assignments of error are, therefore, without merit.

CONCLUSION
For the foregoing reasons, the sentence is affirmed.
AFFIRMED.
NOTES
[1] At the first sentencing, the trial court and counsel for both Taylor and the state were under the mistaken impression that La. C.Cr.P. arts. 893.1, et seq, required that the first twenty years of Taylor's sentence must be served without benefit of parole. This sentencing error was addressed by this court on appeal and corrected on remand.