| .PER CURIAM.
The defendant, Reginald Moore, pled guilty to one count of vehicular homicide. He was sentenced to serve 20 years at hard labor, with five years of the hard labor sentence suspended. Five years of the sentence were ordered to be served without benefit of parole, probation, or suspension of sentence. Five years of supervised probation were ordered following incarceration. A fine and restitution were also ordered. The defendant now appeals, arguing that the sentence imposed is excessive. We once again vacate the sentence and remand for resentencing.
FACTS
On August 5, 1999, the defendant, while driving a vehicle in Monroe, Louisiana, pulled out to pass a car. Another vehicle was approaching in the opposite direction. The defendant swerved into the oncoming car, killing the 20 year old passenger and injuring the driver. The defendant’s blood alcohol test showed a level of .22 at the time of the accident.
The defendant was arrested and charged with one count of first degree vehicular injuring and one count of vehicular homicide. The defendant entered a *98 plea of guilty to vehicular homicide, and pursuant to a plea bargain agreement, the charge of first degree vehicular injuring was dismissed.
The trial court originally sentenced the defendant to 20 years at hard labor, five of which were to be suspended. The court ordered a period of supervisory probation “not to exceed five years” and ordered that “at least five years of this sentence shall be without benefit of parole, probation, or suspension of sentence.”
|2We previously affirmed the defendant’s conviction in an unpublished opinion, but remanded for resentencing because the original sentence imposed was indeterminate. State v. Moore, 35,935 (La.App.2d Cir.5/08/02), 818 So.2d 323. We also noted that the penalty for vehicular homicide under La. R.S. 14:32.1 required the imposition of a fine of “not less than two thousand dollars nor more than fifteen thousand dollars” in addition to a term of imprisonment. Additionally, the trial court failed to advise the defendant of the delays for application for post-conviction relief as required by La. C. Cr. P. art. 930.8.
On July 18, 2002, the trial court resen-tenced the defendant. On remand, he was ordered to serve 20 years at hard labor, five years of which were suspended. Five years of the hard labor sentence were ordered to be served without benefit of parole, probation, or suspension of sentence. Following incarceration, the defendant was to be placed on five years supervised probation. Special conditions of probation included participation in court-approved substance abuse and driver improvement programs. A fine of $2,000.00 was imposed and the defendant was ordered to pay restitution to the victim’s family in the amount of $13,191.88. The defendant was informed of the time limits for applying for postconviction relief. The record shows that the defendant was given credit for time served. Although the defendant failed to move for reconsideration of sentence at both the original sentencing and resentencing, he now argues that the sentence imposed is excessive. We note that in both the original | asentencing and the sentencing on remand, the court applied the incorrect penalty.
DISCUSSION
This offense occurred on August 5, 1999. At that time, La. R.S. 14:32.1 provided the following penalty for vehicular homicide:
Whoever commits the crime of vehicular homicide shall be fined not less than two thousand dollars nor more than fifteen thousand dollars and shall be imprisoned with or without hard labor for not less than two years nor more than fifteen years. At least one year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court shall require the offender to participate in a court-approved substance abuse program or a court-approved driver improvement program, or both. All driver improvement courses required under this Section shall include instruction on railroad grade crossing safety. [Emphasis supplied.]
La. R.S. 14:32.1 was amended by Acts 1999, No. 1103, to increase the maximum incarceration exposure to twenty years. The amendment became effective August 15, 1999, ten days after the commission of the present offense.
The law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. A defendant must be sentenced according to the provisions in *99 effect at the time of the commission of the offense. State v. Sugasti, 2001-3407 (La.6/21/02), 820 So.2d 518. The imposition of a harsher sentence than that prescribed at the time the offense was committed constitutes a violation of the ex post facto clauses of both the state and federal constitutions. State v. Taylor, 34,823 (La. App.2d Cir.7/11/01), 793 So.2d 367.
| .Accordingly, we vacate the present sentence and remand for resentencing in accordance with the provisions in effect at the time of the commission of the offense, pretermitting any discussion of the defendant’s claim of excessive sentence.
CONCLUSION
For the reasons stated above, the sentence of the defendant, Reginald Moore, is vacated and the matter is remanded for resentencing consistent with this opinion.
SENTENCE VACATED; REMANDED FOR RESENTENCING.