Judgment rendered April 22, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,444-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                           Appellee

Versus

BREANNA S. WHITE                             Appellant

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Morehouse, Louisiana
Trial Court No. 2019466F

Honorable Larry Donell Jefferson, Judge

* * * * *

LOUISIANA APPELLATE PROJECT           Counsel for Appellant
By: Carey J. Ellis, III

ROBERT STEPHEN TEW                    Counsel for Appellee
District Attorney

JOHN GATES SPIRES
Assistant District Attorney

* * * * *

Before WILLIAMS, GARRETT, and STEPHENS, JJ.

**STEPHENS, J.**

This criminal appeal by defendant, Breanna S. White, arises from the Fourth Judicial District Court, Morehouse Parish, State of Louisiana. White pled guilty to manslaughter, a violation of La. R.S. 14:31, and was sentenced to 20 years at hard labor. She now appeals, arguing her sentence is excessive. For the following reasons, we affirm White's conviction and sentence.

### FACTS

Breanna White and the victim, Tavario Minnieweather, lived together as girlfriend and boyfriend. On May 17, 2018, they got into an argument at their house. As the argument progressed, White grabbed a steak knife and stabbed Tavario in the shoulder. Tavario ran out of the house, and White followed him. In the driveway, White stabbed Tavario in his leg behind his knee, striking an artery and causing Tavario to bleed to death. White then went back inside the house, where she washed off the knife and put it in the dish drainer.

According to White, Tavario had attacked her and she got the knife because he was hitting her with a blue, wood board. White claimed she followed Tavario out of the house because she wanted to make sure he left the premises. White claimed Tavario slammed her to the ground, was choking her, hitting her in the head, and kicking her in the side. She stabbed him in the leg while she was on the ground with him on top of her. Despite her claims, the responding officers could not locate the alleged blue board, and there were no injuries to White's person consistent with her portrayal.

White was originally charged by bill of information with manslaughter, possession of ecstasy, and possession of marijuana. However,

a grand jury later indicted her for second degree murder. The drug charges were dismissed.

On January 24, 2019, White appeared and pled guilty to the reduced charge of manslaughter. Prior to accepting the guilty plea, White was informed of and waived her rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). There was no agreement on sentencing, and the trial court ordered a presentence investigation ("PSI") report.

On May 9, 2019, after reviewing the PSI report, the trial court sentenced White to 20 years at hard labor. White filed a motion to reconsider sentence, arguing the trial court overstated her criminal history and failed to adequately consider her history of mental health conditions and the fact she stabbed the victim in defense of great bodily injury. The trial court denied the motion following a hearing on August 19, 2019. This appeal followed.

## DISCUSSION

In her sole assignment of error, White maintains her sentence of 20 years constitutes a sentence that is cruel and excessive and the case should be remanded for resentencing. Specifically, White argues the trial court failed to properly consider the mitigating circumstances of her history of mental disorders, for which she was unable to receive appropriate treatment, and the argument and attack which occurred prior to the stabbing. White points out there is nothing in the record to dispute her version of the events. Further, White asserts the trial court placed too much emphasis on her criminal history, noting she only has one prior misdemeanor conviction and is a first-felony offender. We disagree.

2

*Legal Principles*

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 2016-0959 (La. 5/1/17), 219 So. 3d 332. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. DeBerry*, *supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. DeBerry*, *supra*. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Parfait*, 52,857 (La. App. 2 Cir. 8/14/19), 278 So. 3d 455, *writ denied*, 2019-01659 (La. 12/10/19), 285 So. 3d 489.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La.

3

1980).  A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.  *State v. Weaver*, 2001-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 2018-0259 (La. 10/29/18), 254 So. 3d 1208.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion.  *State v. Williams*, 2003-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 2015-0608 (La. 1/25/16), 184 So. 3d 1289.  A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing.  *State v. Allen*, *supra*.  On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.  *State v. Adams*, 53,055 (La. App. 2 Cir. 11/20/19), 285 So. 3d 526.

The offense of manslaughter is punishable by imprisonment at hard labor for not more than 40 years.  La. R.S. 14:31.

*Analysis*

Here, we do not find that the trial court abused its discretion in sentencing White to 20 years at hard labor.  At the sentencing hearing, the trial court considered the PSI report, as well as supplemental documentation submitted by White containing her medical records.  Also at the hearing, White made a brief statement, apologizing for her actions.  Wanda Minnieweather, the mother of the victim, also submitted a statement, indicating the following: Wanda knew White was "bad news" from their

4

initial meeting; she knew White had previously "cut" other people; White had previously "cut" Tavario, who was planning on leaving White; and, Wanda's whole life has changed since Tavario's death.

In examining White's personal history, the trial court noted she was 27 years old, has three children currently living with her mother, and has worked at several different places in Louisiana and Texas. The trial court noted White was currently married to Donquarius Goodin, although they had been separated for a while, and she had recently filed for divorce. The trial court also reviewed White's criminal history, noting she has some history of violence against domestic partners. White was convicted of simple battery in 2016 and received six months of unsupervised probation. She was also convicted of disturbing the peace in 2013 and was arrested for aggravated assault in 2011, but that charge was dismissed. The PSI contained specific facts regarding each of the previous convictions.

Further, the trial court reviewed the facts of this case and questioned White regarding her actions in chasing Tavario down the driveway after he left the house. The trial court observed that White was not in any danger when Tavario was leaving and could have stayed in the house, locked the door, and called the police. The trial court ultimately concluded an aggravating factor was the fact that White followed Tavario down the driveway as he was leaving. As another aggravating factor, the trial court noted White's actions in washing the blood off the knife in the sink after the stabbing. As a mitigating factor, the trial court considered White's medical condition. Although no specific information was set forth by the trial court at the sentencing hearing, the documents containing White's medical records were submitted by White and placed under seal by the trial court. They

5

provide detailed information regarding her medical condition. Although the trial court did not specifically articulate the factors under La. C. Cr. P. art. 894.1, which it considered in imposing White's sentence, the reasons stated by the trial court, the record, and the PSI report provide an adequate factual basis for the sentence imposed. Further, White's midrange sentence is not constitutionally excessive. White, who has a history of violence against her significant others, followed her boyfriend as he was leaving their house after an argument and stabbed him in the shoulder and the leg, resulting in his death.

Considering the facts of this case, the sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense—Tavario Minnieweather lost his life. See, *State v. Woods*, 48,002 (La. App. 2 Cir. 5/15/13), 115 So. 3d 708 (defendant/mother pled guilty to manslaughter, where autopsy revealed her two-year-old child died of "asphyxia with multiple blunt force injuries"; defendant's 20-year sentence not excessive); *State v. Taylor*, 35,921 (La. App. 2 Cir. 4/3/02), 813 So. 2d 1151, *writ denied,* 2002-1569 (La. 5/30/03), 845 So. 2d 1067 (defendant upset when victim allegedly sexually groped him; defendant produced a .38 caliber revolver which he was carrying, shot victim twice, and killed him; defendant's 22-year sentence not excessive); *State v. Scott*, 28,131 (La. App. 2 Cir. 2/28/96), 669 So. 2d 664 ("an atypical manslaughter involving obvious cruelty" where defendant hit victim in head with pistol, and victim was subsequently shot by coperpetrator; defendant's 21-year sentence not excessive); *State v. Batiste*, 2006-0875 (La. App. 4 Cir. 12/20/06), 947 So. 2d 810 (defendant stated he shot and killed the victim over a $20 dominos bet and claimed State failed to refute

his self-defense claim; defendant's 20-year sentence not excessive). We conclude that White's assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we affirm Breanna S. White's conviction and sentence.

**AFFIRMED.**