674 So.2d 1035 (1996)
STATE of Louisiana, Appellee,
v.
Tomas V. RUBALCAVA, Appellant.
No. 28325-KA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1996.
Charles A. Smith, Indigent Defender, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Schuyler Marvin, Assistant District Attorney, for Appellee.
Before BROWN, WILLIAMS and CARAWAY, JJ.
BROWN, Judge.
Originally charged with aggravated incest and aggravated crime against nature, defendant, Tomas V. Rubalcava, pled guilty to aggravated incest, a violation of LSA-R.S. 14:78.1, and the state nolle prossed the remaining charge. The trial court imposed the maximum sentence, 20 years imprisonment at hard labor, and denied defendant's motion to reconsider. Defendant argues on appeal that his sentence is excessive. We affirm.
In August 1994, defendant's wife walked into her living room and found defendant with his head in his step-granddaughter's lap. The 32-year-old defendant, who was babysitting *1036 the 8-year-old child, had his hand under her panties and had inserted a finger into her vagina. The child stated that defendant had done this several times before and that he had put his penis inside her. Defendant admitted fondling the child's vagina, rubbing his penis against her vagina and performing cunnilingus on her. He stated that he had done these things during the past three days. The Webster Parish coroner examined the child and determined that she had been penetrated sexually.
Prior to imposing sentence, the trial court reviewed a pre-sentence investigation report and a guidelines worksheet. The court noted that the guidelines did not assign a seriousness ranking to the offense of conviction. Pursuant to La.S.G. § 101(C), the court determined that the offense was analogous to aggravated rape, which has a seriousness ranking of "0" and carries a life sentence. However, the court noted that the offense of conviction carried a statutory sentencing range of 5 to 20 years imprisonment. The court stressed that defendant's conduct constituted a serious offense. The court noted that it had no verified information on defendant's criminal record, if any, because he had lived most of his life in Mexico.
When the sentencing court has considered the guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard to whether the trial court employed or deviated from the guidelines. State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237; State v. Walters, 26,647 (La.App.2d Cir. 12/07/94), 648 So.2d 7.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 35,584 (La.App.2d Cir. 01/19/94), 631 So.2d 555.
Under the circumstances of this case, we find that the trial court did not abuse its discretion in sentencing defendant to 20 years imprisonment at hard labor. The evidence supports the trial court's finding that defendant committed acts constituting aggravated rape upon his 8-year-old step-granddaughter. This assignment of error has no merit.

Conclusion
Defendant's conviction and sentence are AFFIRMED.