685 So.2d 565 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Tony PHILLIPS, Jr., Defendant-Appellant.
No. 29,020-KA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1996.
*566 Indigent Defender Office by Ford E. Stinson, Jr., Benton, for Defendant-Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Whitley R. Graves, Assistant District Attorney, for Plaintiff-Appellee.
Before MARVIN, NORRIS and GASKINS, JJ.
MARVIN, Chief Judge.
The maximum 20-year sentence for attempted forcible rape is not constitutionally excessive for Tony Phillips, Jr., a 38-yearold first felony offender, who pleaded guilty to that offense after being charged with the aggravated rape of his ten-year-old stepdaughter at their home in Bossier City while the child's mother was at work. La. R.S. 14:42.1, 27.
After initially denying any wrongdoing and accusing the child of lying about the incident, Phillips later gave a taped statement to police in which he admitted having rubbed his erect penis against the child's vagina for about 30 seconds after she complied with his request that she sit in his lap on the couch with her legs spread. When the child complained that Phillips was hurting her, he stopped what he was doing, admonishing her not to tell anyone about it. The child eventually told her mother, who reported the abuse to police. A medical examination of the child conducted about two months after the offense was inconclusive on the issue of penetration and obviously contributed to the state's willingness to enter into the plea agreement, which significantly reduced Phillips' sentencing exposure from a mandatory life sentence for aggravated rape to a maximum of 20 years for attempted forcible rape.[1] La. R.S. 14:42, 42.1, 27. Though Phillips said he was sorry for what he did, he denied having been under the influence of alcohol or drugs at the time and gave no explanation for his conduct, simply saying, "It just happened."
The record supports the trial court's conclusion that Phillips' conduct was more fully described by the initial charge than by the reduced charge to which he was allowed to plead. Any sexual penetration, however slight, is sufficient to complete the crime. La. R.S. 14:41. Phillips' sexual abuse of his young stepdaughter who was entrusted to his care in her mother's absence has caused the child to suffer great emotional upset, according to the PSI. Though Phillips is a first felony offender with a steady work record, the maximum sentence he received for the reduced charge is not shocking by constitutional standards, considering the seriousness of the offense and the benefit he received from the plea bargain. See and compare State v. Lanclos, 419 So.2d 475 (La.1982); State v. Jackson, 27,056 (La.App.2d Cir. 6/21/95), 658 So.2d 722; and State v. Childs, 466 So.2d 1363 (La.App. 3d Cir.1985).
We find no errors patent.
The conviction and sentence are AFFIRMED.
NOTES
[1] This offense was committed in 1994, before La. R.S. 14:42 was amended to allow for the death penalty for the aggravated rape of a child under age 12.