705 So.2d 1277 (1998)
STATE of Louisiana, Appellee,
v.
Chuck DOWNS, Appellant.
No. 30348-KA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1998.
*1278 Snell and Robinson by Randall R. Robinson, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Schuyler Marvin, Assistant District Attorney, for Appellee.
Before BROWN, STEWART and GASKINS, JJ.
GASKINS, Judge.
The defendant was charged with two counts of aggravated incest, a violation of La. R.S. 14:78.1, for offenses committed upon his 13-year-old stepdaughter and his nine-year-old natural daughter. The defendant was allowed to plead guilty to one count and was sentenced to the maximum sentence of 20 years at hard labor. The defendant appeals, arguing excessive sentence. We affirm.

FACTS
On December 25, 1995, the defendant's wife notified the police that the defendant had raped her daughter and was leaving town. After a high speed chase, the police apprehended the defendant at his brother's house. When questioned by the police, the defendant asserted that he had only felt the girl's breast but admitted that he "needed help." During the subsequent investigation, the police learned the defendant had admitted molesting his stepdaughter to his wife when she confronted him before he fled. The stepdaughter said the defendant had raped her since she was an infant. The younger child also accused the defendant of abusing her.
Although the defendant was initially charged with two counts of aggravated incest, he was allowed to plead guilty to the charge involving his stepdaughter. The charge involving his abuse of his natural daughter was dismissed. The trial court ordered a presentence investigation (PSI) report. After reviewing the PSI report, including the victim impact statements, the trial court imposed the maximum sentence available for the charge, 20 years at hard labor. The defendant's timely motion for reconsideration was denied.

LAW
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (1988); State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
*1279 Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Davis, 28,662 (La.App.2d Cir. 9/25/96), 680 So.2d 1296; State v. Bradford, supra.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir. 8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
The jurisprudence holds that a maximum sentence is appropriate for an offender who sexually abuses his minor child or stepchild. See, e.g., State v. Phillips, 29,020 (La.App.2d Cir. 12/11/96), 685 So.2d 565, in which this court held that a maximum 20-year sentence for attempted forcible rape is not constitutionally excessive for a mature, first felony offender who pleaded guilty to committing that offense upon his 10-year-old stepdaughter. And see State v. Rubalcava, 28,325 (La.App.2d Cir. 5/8/96), 674 So.2d 1035, in which we affirmed a 20-year sentence upon a defendant, age 32, who sexually abused his stepgranddaughter. See also State v. Childs, 466 So.2d 1363 (La.App. 3d Cir.1985), in which it was held that the rape of one's underage daughter is among the most serious violations of the crime of forcible rape and, based solely on the nature of the offense, a maximum sentence can be imposed appropriately.

DISCUSSION
In the instant case, the trial court considered a PSI report which included information on the important elements to be considered prior to imposing punishment. Included in the report was the defendant's statement that "[i]t happened the way it happened. I'm sorry for what happened. I have no answer to why it happened. I have relived it over and over and ask myself why.... No excuse for what I did."
The court observed the gravity of this offense. The defendant had been arrested in 1986 for aggravated rape but no charges had been filed.[1] Except for that, the defendant had no criminal record. The court noted that the offense of conviction involved the defendant's stepdaughter and that the relationship had been ongoing for an extended period of time. The court considered the victim impact statements from both children which indicated that both had been sexually abused by the defendant. The court concluded that the defendant's actions had a "horrible impact on these two young girls."
Considering all the circumstances, we do not find the sentence to be shocking to the sense of justice. The mature, healthy defendant abused a position of trust and responsibility without regard to the lifelong harm he could cause to the young victim. There is no showing of excuse, justification or mitigation for such misconduct. He obtained a substantial benefit from the dismissal of a second charge of aggravated incestthis one involving his own biological childthrough his plea bargain. We do not find an abuse of discretion. The sentence is not constitutionally excessive, and it is adequately supported by the record.
We have examined the record for errors patent and found none.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] According to the PSI report, the victim of that alleged offense was the stepdaughter, then age 4. The charge was dropped for lack of evidence.