764 So.2d 1191 (2000)
STATE of Louisiana, Appellee,
v.
Tony Austin WALL, Appellant.
No. 33,385-KA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 2000.
*1192 Indigent Defender Board by John M. Lawrence, Counsel for Appellant.
*1193 Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Michael A. Pitman, Assistant District Attorney, Counsel for Appellee.
Before PEATROSS, KOSTELKA, DREW, JJ.
KOSTELKA, J.
Tony Austin Wall ("Wall"), who had sexually molested his two stepdaughters, pled guilty as charged to one count of aggravated incest, La. R.S. 14:78.1, in exchange for the state's dismissal of a second count.[1] The trial court sentenced Wall to twenty years at hard labor, a fine of $50,000[2] and to pay $1,000 in counseling costs. After the denial of a timely motion for reconsideration of sentence, Wall appeals urging only that his sentence is excessive. We affirm.
The matters of record show that on several (three to four times for each child) occasions during July and August 1998, Wall, then 28 years of age, fondled and kissed the chests of, and rubbed the vaginal areas of, his two stepdaughters, A.S. and S.S., who were then seven and eight years old. Wall also digitally penetrated the children's vaginas during some of these incidents. Wall claimed that the penetrations with A.S. were accidental and occurred in the presence of the child's mother. He later said he performed the digital manipulation to teach S.S. how to masturbate because she was asking him about sex.
After reviewing the trial court's articulation of reasons and the sentence imposed in accordance with the jurisprudential analysis set forth in State v. McKinney, 31,611 (La.App.2d Cir.02/24/99), 728 So.2d 1009, we affirm the sentence.
Specifically, Wall urges that the sentencing court erred in not giving more consideration to his work history and lack of a significant criminal history and in giving little or no weight to the psychological evaluation presented by counsel prior to sentencing. Wall also contends that he "could have benefitted from a probated sentence with counseling."
However, there is no requirement that specific matters be given any particular weight. State v. Berry, 29,945 (La. App.2d Cir.10/29/97), 702 So.2d 33; State v. Callahan, 29,351 (La.App.2d Cir.02/26/97), 690 So.2d 864, writ denied, 97-0705 (La.09/26/97), 701 So.2d 979. Moreover, the record on review demonstrates the court was aware of the matters urged by the defense and considered them prior to imposing sentence.
The district court reviewed a presentence investigation report which contained detailed information about Wall's misconduct in this matter and a preliminary report from defense-hired psychologists. The letter of transmittal which accompanied that report stated it was not a psychological evaluation and had not been made with the customarily thorough examination. The report contained no conclusions or recommendations.
The court attached significance to Wall's lack of remorse for putting the young victims through a trauma which would be with them throughout their lives. The reported facts of the case indicated the abuse had occurred to each child on at least three or four occasions. Wall was a first-felony offender who expressed little or no concern for the victims who, along with their mother, were in counseling. The court found Wall to be in need of custodial treatment and that he was likely to commit similar offenses if allowed to remain free in society. The court concluded by noting in its opinion that a lesser sentence would deprecate the seriousness of Wall's offense. The trial court then sentenced Wall to the maximum sentence *1194 of twenty years at hard labor and a fine of $50,000. See La. R.S. 14:78.1 D.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Downs, 30,348 (La.App.2d Cir.01/21/98), 705 So.2d 1277. The jurisprudence holds that a maximum sentence is appropriate for an offender who sexually abuses his minor child or stepchild. Id.; see State v. Phillips, 29,020 (La. App.2d Cir. 12/11/96), 685 So.2d 565, in which this court held that a maximum twenty-year sentence for attempted forcible rape was not constitutionally excessive for a mature, first felony offender who pled guilty to committing that offense upon his ten-year-old stepdaughter.
We are unimpressed with the fact that sexual intercourse did not occur under the facts of this case. The list of prohibited acts under La. R.S. 78.1 B includes not only sexual intercourse, but sexual battery, indecent behavior with a juvenile, and lewd fondling and touching as well. Because the statute in no way grades the offenses, we believe that the legislature intended to recognize each prohibited act as equally egregious. Wall is a mature adult who intentionally abused a position of trust and responsibility without regard to the lifelong harm he would cause to the two victims of his perverted, abhorrent desires. He committed these lewd, lascivious and socially repulsive acts of sexual abuse upon the minor victims repeatedly, over a lengthy period of time, and exhibited no remorse for the offenses. He obtained a substantial benefit from his plea bargain, which reduced his sentencing exposure by half. There is no excuse or justification for Wall's criminal conduct.
Nor do we find the counseling cost assessment excessive. The provisions of La. R.S. 14:78.1 E(1) authorize the trial court to require the defendant to pay counseling costs in addition to the sentence imposed. In this case, the evidence showed the counseling costs to be $20.00 per session; therefore, the total amount assessed by the trial court would cover less than one year's weekly counseling for the children. Considering the major trauma experienced by these children, we cannot find this assessment to be excessive. Moreover, the record shows that despite the court's offer to keep the issue of costs open for a determination of Wall's ability to pay, he specifically declined and requested that the court set the amount on the day of sentencing. We read these actions as a waiver of that determination for which Wall may not now complain.
Under the circumstances, the sentence imposed does not shock our sense of justice, nor does the imposed term of imprisonment, fine or counseling costs constitute an abuse of the district court's sentencing discretion. Therefore, the sentence is not constitutionally excessive.
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Wall pled guilty to count two of the bill of information.
[2] Appellate defense counsel erroneously states in his post-sentence pleadings that the fine is the "maximum" fine of $5,000.