911 So.2d 384 (2005)
STATE of Louisiana, Appellee
v.
Billy GANN, Appellant.
No. 40,058-KA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 2005.
*385 Jack Wright, Jr., Monroe, for Appellant.
*386 Jerry Jones, District Attorney, Shirley M. Wilson, Assistant District Attorney, for Appellee.
Before BROWN, DREW and LOLLEY, JJ.
LOLLEY, J.
Defendant, Billy Gann, appeals the sentence for his conviction of attempted aggravated incest imposed by the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana. La. R.S. 14:27(D)(3) and La. R.S. 14:78.1. For the following reasons, we affirm.

FACTS
On May 29, 2003, Gann told his step-granddaughter, M.G., to come over to him. When she did, he pulled down her pants and panties and touched her chest and inside her vagina. A physician examined M.G. and stated that her hymenal ring was not intact and there was a very good history of repeated sexual molestation. The record also shows that Gann had previously and inappropriately touched the young girl, who was born on July 10, 1996, on her chest and vagina several times, sometimes causing it to hurt. There is also evidence that in the past Gann forced M.G. to touch him inappropriately as well.
Gann was subsequently arrested, and he was originally charged with aggravated incest. The state agreed not to make a recommendation as to sentencing in exchange for Gann's guilty plea to attempted aggravated incest. At a subsequent hearing, wherein the trial court considered a pre-sentence investigative report, Gann was sentenced to ten years at hard labor with credit for time served pursuant to La. R.S. 14:27(D)(3) and La. R.S. 14:78.1. The trial court noted that Gann had complied with La. R.S. 14:78.1 prior to sentencing when he made a $25,000 payment to his victim for past and future counseling. This appeal ensued.

DISCUSSION
Gann argues two related issues in appealing his sentence: first, the general excessiveness of the sentence, and, second, the trial court's failure to individualize the sentence as to him when it considered the sentencing guidelines in La. C. Cr. P. art. 894.1. Specifically, Gann argues that the trial court erred in imposing a constitutionally excessive sentence, as a ten-year sentence given to a seventy-three-year-old man is the equivalent of a lifetime sentence and is a needless and purposeless imposition of pain and suffering. He further argues that the trial court erred in failing to individualize the sentence to him per La. C. Cr. P. art. 894.1, in that, despite the fact that the trial court stated for the record that it had taken mitigating factors into consideration, the imposition of the maximum sentence would tend to indicate that those factors were not properly considered. In this particular case, we disagree.
When a defendant fails to file a motion to reconsider sentence pursuant to La. C. Cr. P. art. 881.1, the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La. 1993); State v. Duncan, 30,453 (La.App. 2d Cir.02/25/98), 707 So.2d 164.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, *387 30,767 (La.App. 2d Cir.06/24/98), 715 So.2d 641. Here, the record clearly shows that the trial court adequately considered the guidelines.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App. 2d Cir.04/02/97), 691 So.2d 864. Important elements which should be considered in imposing a sentence are defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and likelihood of rehabilitation. State v. Downs, 30,348 (La.App. 2d Cir.01/21/98), 705 So.2d 1277.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, XXXX-XXXX (La.05/16/00), 769 So.2d 1158. As a general rule, maximum sentences are appropriate in cases involving the most serious violation of offense and the worst type of offender, such as an offender who sexually abuses his minor child or stepchild. State v. Guzman, supra.
As stated, the trial court imposed on Gann a sentence of ten years at hard labor with credit for time served. Considering the totality of the record, Gann's sentence is not constitutionally excessive. Though Gann was a first-time offender, the pain and suffering caused to the victim, her family and society are irreparable. Moreover, although this was Gann's first criminal charge, he had abused this child on more than one occasion, and her family had attempted to deal with the problem internally by keeping Gann away from M.G. However, over time, he had worked to regain the family's trust, which he then violated with this last incident.
Ironically, Gann complains of his "onerous" sentence based on his age and the fact that he might die in prison. Perhaps Gann should have considered the onerous crime he perpetrated against a young, innocent child, who will have to live with the psychological scars of incest for her lifetime. Gann benefited from the agreement that if he pled guilty to attempted aggravated incest the state would not recommend a sentence. Further, we totally agree with the trial court's determination that "any lesser sentence than the sentence [imposed] would deprecate the seriousness of [Gann's] crime...." Additionally, when considering the despicable nature of the offense committed upon his own step-granddaughter, we do not find that the sentence imposed is grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice; thus, we do not consider Gann's sentence excessive.
Furthermore, we cannot conclude that because the trial court imposed the maximum sentence that it failed to consider the factors set forth in La. C. Cr. P. art. 894.1 or other mitigating circumstances peculiar to Gann. We note that prior to imposing the sentence, the trial court clearly stated that it considered Gann's PSI report and the sentencing guidelines. As mitigating factors, the court considered Gann's age, he was 72 years old, his military service, his long *388 work history, and his lack of any criminal history other than the current offense. The trial court noted that prior to Gann's guilty plea, he arranged and paid approximately $25,000 toward past and future counseling for the victim. However, responding to the sentencing guidelines, the trial court stated (in part) that Gann's actions not only hurt the victim, but her family as well. The trial court also stated that Gann's conduct was a crime of violence that caused serious mental harm to a young child who was in his care, and who will require continuous counseling.
Thus, on the record before us, there is no showing of an abuse of the trial court's discretion in the imposition of Billy Gann's sentence, which is not constitutionally excessive. The conviction and sentence are affirmed.
AFFIRMED.