# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 10-1072

STATE OF LOUISIANA

VERSUS

PERRY M. STOKES

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 09-498
HONORABLE EDWARD M. LEONARD, JR., DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Billy H. Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Paula C. Marx
Louisiana Appellate Project
Post Office Box 80006
Lafayette, Louisiana 70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
    Perry M. Stokes


J. Phil Haney
District Attorney – Sixteenth Judicial District
Jeffrey J. Trosclair – Assistant District Attorney
St. Mary Parish Courthouse, 5th Floor
Franklin, Louisiana 70538
(337) 828-4100, ext. 550
COUNSEL FOR APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

Defendant, Perry M. Stokes, appeals his fifteen-year, hard labor sentence as a result of his guilty plea to the crime of carjacking. For the following reasons, we affirm his sentence as imposed.

## FACTS AND PROCEDURAL HISTORY

Defendant, Perry M. Stokes, was charged on March 17, 2009, by bill of information with one count of carjacking, a violation of La.R.S. 14:64.2, and one count of armed robbery with a firearm, a violation of La.R.S. 14:64.3. He pled guilty to one count of carjacking pursuant to a plea agreement. The trial court ordered a presentence investigation report, and, on April 26, 2010, he was sentenced to fifteen years at hard labor.

As set forth in the record, the State elucidated the following facts as the factual basis of the crime:

> Mr. Stokes, as well as Christian Decuir, Dwayne Laviolette[,] and another co-defendant were riding around Iberia Parish in the early morning hours. They encountered Mr. Edward Barrideau who was driving a pickup truck. Mr. Barrideau owed Mr. Stokes money. Mr. Stokes and one of the co-defendants exited the vehicle they were riding around in, produced pistols[,] and took the pickup truck from Mr. Barrideau at [gunpoint]. They drove off with the pickup truck[,] obviously[ ] without Mr. Barrideau's permission and/or authority. They were subsequently arrested after leaving St. Martin Parish where there was another robbery which had occurred that all four of them were involved in. When they were stopped and arrested[,] three pistols were recovered, one of which was stolen.

At the sentencing hearing, Defendant objected to the sentence without reason; however, he did file a timely pro-se Motion to Reconsider Sentence, asserting that the sentence was excessive under the circumstances of the case. The trial court denied Defendant's motion without reasons.

Defendant has timely perfected an appeal, alleging as his only assignment of error that his sentence of fifteen years at hard labor is excessive under the circumstances of his case.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, we have reviewed the record for errors patent and have found none.

## ASSIGNMENT OF ERROR

Defendant argues that his sentence of fifteen years at hard labor was excessive considering his first felony status and youth. Defendant also asserts that the trial court did not comply with the mandates of La.Code Crim.P. art. 894.1 in particularizing a sentence to this offender.

In *State v. Brown*, 41,883, p. 9 (La.App. 2 Cir. 4/4/07), 956 So.2d 53, 57-58, the second circuit noted:

> Our state constitution prohibits excessive punishment. La. Const. art. I, § 20 (1974). The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set fourth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So.2d 688 (La.1983); *State v. Gann*, 40,058 (La.App. 2d Cir.09/21/05), 911 So.2d 384. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with art. 894.1. *State v. Lanclos*, 419 So.2d 475 (La.1982); *State v. Hampton*, 38,017 (La.App. 2d Cir.01/28/04), 865 So.2d 284, *writs denied*, 2004-0834 (La.03/11/05), 896 So.2d 57, 2004-2380 (La.06/03/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. *State v. Jones*, 398 So.2d 1049 (La.1981); *State v.*

*Haley*, 38,258 (La.App. 2d Cir.04/22/04), 873 So.2d 747, *writ denied*, 2004-2606 (La.06/24/05), 904 So.2d 728.

*See also State v. Barling*, 00-1241, 01-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

Defendant pled guilty to carjacking, which provides for a range of imprisonment of not less than two years and no more than twenty years, without the benefit of parole, probation, or suspension of sentence. In exchange for his guilty plea, the State dropped the armed robbery charge and agreed not to multi-bill him. Defendant was sentenced to fifteen years at hard labor, three quarters of the sentence he could have received.

At the sentencing hearing the trial court noted for the record:

> I have reviewed the pre-sentence report prepared by [the] Division of Probation and Parole. I note the fact that the defendant was charged with two crimes, [carjacking] and armed robbery, armed robbery with [the] use of a firearm, and that that particular crime, charge [sic] was dismissed as I understand it in exchange for the plea to [carjacking]. Is that how it happened?

> . . . .

> And of course, Mr. Barrideaux was an innocent guy. He was stopped at a store to by [sic] a cold drink and was approached and held up. He thinks the defendant ought to get the maximum sentence.

> The offender says he regrets his involvement in the commission of the crime. And anybody who is facing a sentence of twenty (20) years at hard labor, I think would be a fool if they didn't regret being a part of that crime. Nevertheless, he voluntarily participated in it.

> He is a first[-]time felony offender. He only went to school to, I believe, the ninth grade. And [he] has only had one job in his [lifetime], that being at Todd's Car Wash. So even though he is a rather young offender, he apparently quit school and hasn't worked, which indicates to the [c]ourt that people who do that generally windup [sic] getting in trouble as this defendant did.

> It was a serious crime. The victim certainly could have been

3

seriously hurt or killed as a result of it. I think it's his great fortune that that did not occur.

I think that the fact that the defendant has shown no inclination toward any kind of useful like [sic] thus far is a factor that goes against any kind of real leniency in this case. . . .

The [c]ourt, of course, takes into consideration the sentencing guidelines, the fact that the law does not permit a split sentence, does not permit any kind of probation, the fact that this was a serious crime, the individual could have been seriously hurt or killed[,] and the defendant[']s social history of doing basically nothing useful, the [c]ourt finds that this is an appropriate sentence.

Defendant argues that the trial court failed to take into consideration his youth and that he was only a first-time felony offender. Moreover, he alleges that the trial court erroneously concluded that he had not done anything useful in his life. Additionally, he argues "that the carjacking in this case occurred under circumstances unlikely to recur. The victim [owed] the defendant money." Finally, Defendant argues that there was no injury incurred by the victim.

In *Brown*, 956 So.2d 53, a nineteen-year-old defendant had pled guilty to second degree kidnapping and carjacking. He was sentenced to twenty years imprisonment for the offense of kidnapping and fifteen years at hard labor for the offense of carjacking. The second circuit did not find the sentences excessive, even in light of his youthfulness and first-offender status. The second circuit also noted that in exchange for the guilty plea, the State dismissed an armed robbery charge. The second circuit noted: "Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for pled offense." *Id*. at 58.

4

Similarly, in the instant case, Defendant was also charged with armed robbery with a firearm. Defendant and three other men robbed the victim at gunpoint. While Defendant claims that the victim was not injured, the situation was such that the victim could have been seriously hurt. Additionally, though there was no physical injury, it cannot be said that the victim, who was robbed at gunpoint, did not endure fear and mental anguish as a result of this frightening occurrence, which can be just as injurious. Furthermore, an offense of armed robbery carries a potential penalty of up to ninety-nine years imprisonment. Defendant received a substantial benefit when he was allowed to plead guilty to carjacking in exchange for the State dismissing the armed robbery charge and agreeing not to file an habitual offender bill against him.

Finally, Defendant attempts to explain his behavior by the assertion that he was trying to collect money the victim owed him, and, therefore, the criminal activity was unlikely to recur. However, the record before the trial court indicated that Defendant and his accomplices were apprehended in the carjacked truck a short time after having committed another offense of armed robbery.

The record before this court clearly shows that the trial court complied with the mandates of La.Code Crim.P. art. 894.1 when it considered an appropriate sentence. Furthermore, considering the facts of the case, the sentence imposed is not such that would shock this court's sense of justice. We do not find that the trial court abused its vast discretion when it sentenced Defendant to fifteen years imprisonment at hard labor for the lesser offense of carjacking. We find no merit to Defendant's assignment of error.

## DISPOSITION

Defendant's sentence is affirmed as imposed.

**AFFIRMED.**

5